UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BURTON F. TUCKER,                    :    **CIVIL NO. 1:09-CV-01299**
                                     :
        Petitioner                   :    (Judge Conner)
                                     :
    v.                               :    (Magistrate Judge Smyser)
                                     :
UNITED STATES OF AMERICA,            :
INTERNAL REVENUE SERVICE,            :
                                     :
        Respondent                   :

**REPORT AND RECOMMENDATION**

On July 8, 2009, the petitioner, Burton F. Tucker, filed a petition for a writ of mandamus. The petitioner seeks an order requiring the respondent to provide "official tax assessment records Forms 4340 and Forms 2866 for 1998, 1999 [and] 2000."

On September 28, 2009, the respondent filed a motion to dismiss the petition. The respondent asserts that the subject matter of the petition is moot. The respondent asserts that on September 25, 2009 it "provided Tucker with Internal Revenue Service Forms 4340, Certificates of Assessments, and Forms 2866, Certificates of Official Record, for Burton F. Tucker for

tax years 1998, 1999, and 2000." The respondent filed a brief in support of its motion to dismiss.

The *pro se* petitioner did not file a brief in opposition to the motion to dismiss. By Order of November 9, 2009, the petitioner was ordered to file a brief in opposition to the motion to dismiss. He filed a brief in opposition on November 13, 2009. He asserts in his brief that the subject matter of his petition is not moot because the official assessment records sent to him were in part not signed and because those that were signed show him to have a zero tax-owed balance.

On November 20, 2009, the respondent filed a reply brief. The respondent states in the reply brief that the tax records that the petitioner was sent on September 25, 2009 were in fact signed. A declaration of Thomas J. Jaworski, Trial Attorney, Tax Division, U.S. Department of Justice, the attorney for the respondent, affirms that the forms were signed. He provides also a copy of his letter of September 25, 2009 sending the forms to the petitioner.

2

Given what appeared to be a factual dispute about the forms received by the petitioner, by an Order dated December 7, 2009, we scheduled a hearing on the petition for December 29, 2009.

The respondent subsequently requested and received permission to file a supplemental brief. On December 17, 2009, the respondent filed a supplemental brief. The respondent attached copies of the actual forms provided to the petitioner. These copies are signed. The copies comply with 26 U.S.C. § 6203 and 26 C.F.R. § 301.6203-1. *See Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008)(stating that Form 4340 contains the information required by 26 C.F.R. § 301.6203-1).

Article III of the Constitution provides that the judicial power of the United States shall extend to "cases" and "controversies." U.S. Constitution, art. III, §2; *Rosetti v. Shalala*, 12 F.3d 1216, 1223 (3d Cir. 1993). Federal courts lack authority to decide moot cases. *Liner v. Jafco, Inc.*, 375 U.S. 301, 306 n.3 (1964). If events occur during litigation which eliminate the plaintiff's personal stake in the outcome of the suit, the case must be dismissed as moot. *Rosetti*, *supra*, 12 F.3d at 1224.

Given that the petitioner has received the forms that he was seeking in his petition for a writ of mandamus, the petition for a writ of mandamus is moot.[1]  Accordingly, we will recommend that the respondent's motion to dismiss be granted and that the petition be dismissed.[2]

Based on the foregoing, it is recommended that the respondent's motion (doc. 2) to dismiss be granted, that the petition for a writ of mandamus be dismissed and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  December 18, 2009.

---

1.  In his petition, the petitioner mentioned liens and levies. However, from his brief in opposition to the motion to dismiss, it is clear that the petitioner is not challenging any liens or levies in this case.

2.  By a separate order, we have cancelled the hearing that was scheduled for December 29, 2009.